IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DWAYNE GAGEN,

                              Petitioner,

v.

WARDEN R.D. KEYES,[1]

                              Respondent.

OPINION and ORDER

23-cv-386-jdp

---

      Petitioner John Dwayne Gagen seeks relief under 28 U.S.C. § 2241. Gagen contends that he is entitled to sentence credit under the First Step Act (FSA) that entitles him to earlier release. In response, respondent argues that Gagen failed to exhaust administrative remedies, and Gagen did not reply. I agree with respondent and I will dismiss the petition as unexhausted.

BACKGROUND

      The background is drawn from the declaration of Liza Warzynski, Dkt. 11, submitted by respondent. Because Gagen did not reply to these contentions, and because respondent supported them with evidence, I accept them as true when ruling on the petition. *See* 28 U.S.C. § 2248; *Teferi v. Keyes*, No. 23-cv-159-jdp, 2023 WL 4930108, at *1 (W.D. Wis. Aug. 2, 2023).

      Warzynski works for the Federal Bureau of Prisons (BOP) as an administrative remedy clerk. Dkt. 11 ¶ 1. Warzynksi is familiar with the BOP's administrative remedy program and has access to relevant records. *Id.* ¶ 2.

---

[1] I substituted Warden Keyes as respondent because he has physical custody over Gagen. *See* Dkt. 9 n.1.

Gagen is serving a 16-month sentence after revocation of his supervised release at FCI Oxford, where he has been housed since April 12, 2023. *Id.* ¶ 5. Two administrative remedy requests have been received from Gagen since he was housed at FCI Oxford, neither of which relates to FSA earned time credits. *See id.* ¶¶ 7–9.

ANALYSIS

Courts generally require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). The BOP's administrative remedy program allows prisoners to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.* The prisoner must complete this process to exhaust the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008). But I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Because Gagen did not file any administrative remedy requests related to FSA time credits, he failed to start, much less complete, the BOP's administrative remedy process. Gagen's projected release date is March 17, 2024. Dkt. 11 ¶ 5. If he acts now, "he should be able to exhaust administrative remedies [more than] three months before his projected release date." *See Teferi v. Keyes*, No. 23-cv-159-jdp, 2023 WL 4930108, at *2 (W.D. Wis. Aug. 2, 2023). And, even if he could not, the record indicates that his lack of diligence is responsible for this result. *See id.* (stating that a petitioner should not be able to bypass § 2241's exhaustion requirement through a lack of diligence). There is no other basis to excuse Gagen's failure to exhaust. *See id.*; Dkt. 9 at 6–7.

ORDER

IT IS ORDERED that:

1. Petitioner John Dwayne Gagen's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to substitute Warden R.D. Keyes as respondent, enter judgment, and mail petitioner copies of this order and the judgment.

Entered November 14, 2023.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge